IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PAULA HOLMAN                                                                                               PLAINTIFF

vs.                                  Civil No. 6:20-cv-06026

ANDREW SAUL,                                                                DEFENDANT
**Commissioner, Social Security Administration**

## MEMORANDUM OPINION

Plaintiff, Paula Holman, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 6.  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her applications for DIB and SSI on March 14, 2017.  (Tr. 10)[1]. In her applications, Plaintiff alleged being disabled due to back pain, depression, and anxiety with an alleged onset date of October 1, 2015.  (Tr. 10, 225).  Plaintiff's applications were denied

---

1 References to the Transcript will be (Tr. ___) and refer to the document filed at ECF Nos. 12 through 12-13, These references are to the page number of the transcript itself not the ECF page number.

initially and again upon reconsideration. (Tr. 10). Plaintiff requested an administrative hearing, and that administrative hearing was held on October 29, 2018. (Tr. 10, 30-51). At this hearing, Plaintiff was present and represented by counsel, James G. Schulze. (*Id*.). Plaintiff and a Vocational Expert ("VE") testified at the hearing. (*Id*.).

Following the administrative hearing, on March 14, 2019, the ALJ entered an unfavorable decision. (Tr. 7-20). The ALJ found Plaintiff had engaged in substantial gainful activity from October of 2015 through November of 2017. (Tr. 12, Finding 2). The ALJ next found that there had been a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity, and the remaining findings addressed that time period. (Tr. 12, Finding 3). The ALJ determined Plaintiff had the severe impairments of: obesity, degenerative disc disease of the lumbar spine status post fusion, and major depressive disorder. (Tr. 12-13, Finding 4). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 13-14, Finding 5).

The ALJ considered Plaintiff's subjective complaints and determined her RFC. (Tr. 14-18, Finding 6). The ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely consistent with the medical evidence and other evidence in the record. *Id*. The ALJ determined that Plaintiff retained the RFC to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she is unable to climb ladders, ropes, or scaffolds. She is limited to occasional climbing of ramps and stairs. She is limited to occasional balancing, stooping, kneeling, crouching, and crawling. She should have no exposure to unprotected heights in the workplace. She is limited to simple repetitive and routine tasks. Her supervision must be simple, direct, and concrete. She is limited to SVP 1 or 2 occupations that can be learned within thirty days.
> *Id*.

The ALJ found Plaintiff was unable to perform her Past Relevant Work ("PRW"). (Tr. 18, Finding 7). However, the ALJ found there were jobs in the significant numbers in the national economy that Plaintiff could perform. (Tr. 18-19, Finding 11). With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of document preparer with approximately 45,000 jobs in the nation or call out clerk with approximately 8,200 jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff was not disabled at any time from October 1, 2015, through the date of his decision. (Tr. 19, Finding 12).

On February 27, 2020, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 17, 18. This case is now ready for decision.

**2.     Applicable Law:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

Plaintiff brings a single point on appeal: whether the ALJ's RFC finding was supported by substantial evidence. ECF No. 17. Plaintiff argues the ALJ misunderstood the opinions of the state agency physicians and failed to properly evaluate Plaintiff's assertion that she would be unable to go to work every day in a five-day week. *Id*. The Commissioner argues substantial evidence supported the ALJ's RFC findings, and that the ALJ properly evaluated her subjective complaints. ECF No. 18.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have

decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs.  For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice.  *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 12th day of November 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE